# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODNEY WAYNE LOFTON, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**TULSA COUNTY BOARD OF COUNTY** )<br>**COMMISSIONERS, TULSA COUNTY,** )<br>**OKLAHOMA, and KEN YAZEL, Tulsa** )<br>**County Assessor,** )<br>)<br>**Defendants.** ) | **Case No. 04-CV-0862-CVE-PJC** |

## OPINION AND ORDER

Now before the Court is the motion to dismiss ( Dkt. # 15) filed by defendants Tulsa County Board of County Commissioners ("Board") and Ken Yazel ("Yazel") as to plaintiffs' claims against them based on the Age Discrimination in Employment Act ("ADEA"). Defendants challenge the complaint pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction.

Plaintiffs originally filed suit on November 10, 2004 (Dkt. # 1), and thereafter filed an amended complaint on December 27, 2004 (Dkt. # 5). Defendants filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction (Dkt. # 6). The Court found that plaintiffs had not directly pled the issue of tolling of the period for filing an administrative claim and, thus, it did not have subject matter jurisdiction. The first amended complaint was dismissed without prejudice to filing a second amended complaint by May 16, 2005. Plaintiffs filed a second amended complaint (Dkt. # 13) on May 11, 2005 and the Court reopened the case (Dkt. # 14).[1] The pending

---

[1] Plaintiffs' second amended complaint is incorrectly titled first amended complaint, and defendants' motion to dismiss references the "First Amended Complaint." The Court recognizes that the motion (Dkt. # 15) is directed to the second amended complaint.

motion to dismiss (Dkt. # 15) again challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**I.**

Plaintiffs were employees of defendants and were each over 40 years of age. They allege that their employment was terminated on the basis of age, in violation of the ADEA. Plaintiffs admit that they were terminated more than 180 days before they filed their complaint with the OHRC (Dkt. # 8). According to the second amended complaint, plaintiffs first became aware that they had been selected for termination on the basis of their age by virtue of a 2004 public statement made by defendant Yazel. Plaintiffs allege that they filed complaints with the Oklahoma Human Rights Commission ("OHRC") within 180 days of this alleged statement. The OHRC did not investigate the claims, deeming them untimely. Plaintiffs allege that they filed their claims in federal court within 90 days of receiving written notice from the OHRC that it would not investigate the case.

**II.**

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving such jurisdiction is proper. See, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

> Rule 12 (b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations

> contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'

Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). In reviewing defendants' factual attack, the Court may consider evidence outside of the pleadings without converting the motion into a Rule 56 motion. Id.

### III.

In their second motion to dismiss, defendants attack the factual sufficiency of the complaint, alleging that plaintiffs "have provided no suggestion of evidence necessary to support the exhaustion of administrative remedies." Motion to Dismiss (Dkt. # 15), ¶ 14. Although the Tenth Circuit has made clear that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII, Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), and has also noted that the requirements of the ADEA and Title VII are essentially identical in this respect, Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999), it has also carefully distinguished exhaustion of administrative remedies from timely filing of administrative charges. Jones, 91 F.3d at 1400 n.1. Failure to timely file an administrative charge does not necessarily create a jurisdictional bar. Id.

The Supreme Court has upheld the use of equitable tolling of Title VII time limits. Zipes v. TransWorld Airlines, Inc., 455 U.S. 385, 393 (1996). However, there is significant disagreement among courts as to the extent to which such tolling is permissible under the ADEA. The Tenth Circuit summarized the requirements for equitable tolling of the ADEA time limits:

> It is well settled that equitable tolling of the ADEA is appropriate only where the circumstances of the case rise to the level of active deception where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the

3

> courts. When such deception is alleged on the part of an employer, the limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing [a] charge.

Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (internal citations omitted). Further, the decision whether equitably to toll the limitations period rests within the sound discretion of the district court. Bennett v. Quark, 258 F.3d 1220,1226 (10th Cir. 2001).

Plaintiffs have directly pled the issue of tolling in their second amended complaint (Dkt. # 13). Specifically, plaintiffs state:

> Plaintiffs have obtained access to statements made by the Defendant Yanzel [sic] to other County officials regarding the reason for the selection of the Plaintiffs for termination which statements Plaintiffs believe demonstrate a wilful attempt to conceal an unlawful age-biased discriminatory intent, and further an attempt to deliberately conceal from Plaintiffs the unlawful age-biased motivation, so that the Plaintiffs would not take the opportunity to file claims with the Oklahoma Human Rights Commission to process their statutory administrative claims.

Plaintiffs' First [sic] Amended Complaint (Dkt. # 13), ¶ 3(f). Thus, plaintiffs's second amended complaint pleads facts to allege that their delay in filing suit was due to the active concealment by defendants.

Defendants argue that plaintiffs were aware of an employment discrimination issue on January 16, 2003, which, if true, would negate plaintiffs' allegations of fraudulent concealment. In support of this allegation, defendants offer a one-page copy of a log with hand-written names and the affidavit of the Director of the Tulsa County Division of Personnel Services, who states that the copy is a true reproduction of the log of distribution of grievance forms. (Dkt. 15), Ex. A. Defendants argue that this evidence "indicates that Plaintiffs were aware of an employment discrimination issue yet failed to follow through in a fashion sufficient for the Court to apply the doctrine of equitable tolling." Motion to Dismiss (Dkt. # 15), at 7. Fifteen (15) of the twenty-two

(22) plaintiffs allegedly requested some sort of "grievance form." The act of requesting a grievance form does not show that plaintiffs specifically knew that age was a factor in the employment decisions. Thus, this "evidence" is insufficient in and of itself to show that plaintiffs were aware of defendants' possible intent to discriminate based on age prior to Yazel's alleged public statement in early 2004, which itself is not of record. Rather, the Court finds that plaintiffs have directly pled a basis which, if proved, could lead to a decision that equitable tolling is appropriate in this case.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 15) is hereby **denied** at this time. However, the Court sets the following **schedule** for a determination of equitable tolling:

| | |
|---|---|
| **Discovery cutoff for equitable tolling issue:** | **10/31/05** |
| **Simultaneous additional briefs on subject matter jurisdiction and equitable tolling:** | **11/21/05** |

**DATED** this 23rd day of September, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT